# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | Civil Action No. 09-24 Erie |
| v. ) | Criminal Action No. 06-1 Erie |
| ) | |
| ANTHONY JONES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

McLAUGHLIN, SEAN J., DISTRICT JUDGE.

Presently pending before the Court is a document styled "Motion for Out of Time to Support Appellant Certificate of Appealabilty" filed by Anthony Jones, ("Defendant") [ECF No. 382].

On January 10, 2006, Defendant and eight others were indicted on conspiracy and drug distribution charges. [ECF No. 1]. Pursuant to a plea agreement, Defendant pled guilty on July 25, 2006 [ECF No. 193] to the conspiracy charge and waived his direct appeal rights and his right to file a motion to vacate under 28 U.S.C. § 2255. [ECF No. 302] pp. 9-12; [ECF No. 305] pp. 5-6.

Prior to sentencing, the parties disputed the application of § 3B1.1 of the Sentencing Guidelines, which provided for an offense level increase due to the Defendant's leadership role in the conspiracy. On December 5, 2006, the Court conducted an evidentiary hearing to resolve the Government's objection to the recommendation in the Presentence Investigation Report that Defendant receive only a two-level enhancement in his offense level due to his leadership role in the drug trafficking conspiracy. [ECF No. 305]. Defendant objected to any enhancement in his offense level for his role in the conspiracy. *Id*. at pp. 55-56. At the conclusion of the testimony, we found that the evidence established that Defendant was a "central cog" in the conspiracy, and consequently, sustained the Government's objection, overruled the Defendant's objection, and applied a four-level increase to the Defendant's offense level. *Id*. at pp. 58-60. This resulted in a net offense level of 35, and with a criminal history category of VI, Defendant's offense level resulted in an advisory guideline range of 292 to 365 months imprisonment. *Id*. at p. 60.

1

Defendant was sentenced to 292 months imprisonment followed by supervised release for five years. *Id*. at pp. 60-72; [ECF No. 254].

Defendant appealed his sentence to the Third Circuit Court of Appeals on December 13, 2006. [ECF No. 260]. On January 17, 2008, the Third Circuit enforced the Defendant's appeal waiver, declined to review the substantive issues presented by the Defendant, and affirmed the sentence imposed by the Court. *United States v. Jones*, 261 Fed. Appx. 412 (3rd Cir. 2008). Defendant did not petition for *certiorari* to the Supreme Court.

On February 6, 2009, Defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. [ECF No. 340]. Defendant argued that his sentencing counsel was ineffective in failing to object to the leadership role enhancement under § 3B1.1 on the basis that the Government had breached an alleged agreement not to seek the enhancement in return for his agreement to be debriefed and provide information. [ECF No. 340] pp. 11-17; [ECF No. 374] p. 13. Defendant further argued that his sentencing counsel was ineffective for failing to advance mitigating arguments at sentencing. [ECF No. 340] pp. 17-22; [ECF No. 374] pp. 13-14. A hearing was scheduled on the Defendant's motion and counsel was appointed to represent him. [ECF No. 357]. Defendant subsequently filed a request for appointment of new counsel due to a "disagreement about some issues" with his case. [ECF No. 362].

On August 13, 2010, following an evidentiary hearing, Defendant's request for appointment of new counsel and his § 2255 motion to vacate his sentence were denied by the Court. [ECF No. 374]. Defendant appealed this determination on August 20, 2010, and the Third Circuit remanded the matter for the limited purpose of this Court issuing a certificate of appealability or stating reasons why one should not issue. [ECF No. 365]. On September 3, 2010, we found:

> After thoroughly reviewing Jones' 2255 motion, the government's response, the testimony taken at the evidentiary hearing, and the Court's August 13, 2010 Order, I conclude that a certificate of appealability is not warranted in this case.

[ECF No. 366].

Thereafter, on March 16, 2011, the Third Circuit similarly denied Defendant's request for a certificate of appealability stating:[1]

> The foregoing request for a certificate of appealability is denied because reasonable jurists would not find it debatable whether the request states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural rulings. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). In his plea agreement, Jones waived his right to pursue relief under 28 U.S.C. 2255. Because Jones has failed to show that his waiver was not knowing and voluntary, or that enforcing the waiver provision would work a miscarriage of justice, that provision bars Jones's § 2255 motion. See United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). Further, reasonable jurists could not debate the District Court's conclusion that Jones failed to show that his counsel's representation fell below an objective standard of reasonableness. See Strickland v. Washington, 446 U.S. 668, 688 (1984).

[ECF No. 377]. The Third Circuit also denied his motion requesting transcripts and terminated his appeal. [ECF No. 378]. Defendant did not appeal this decision.

On May 16, 2011, Defendant filed the instant request for a certificate of appealabilty [ECF No. 382], and filed an affidavit in support with an attached "amendment" on May 20, 2011. [ECF No. 383]. In his request, Defendant advances the same arguments as those advanced in his original § 2255 motion. He further argues that the Court erred in denying his request for new counsel to represent him at the § 2255 hearing. Defendant contends that he did not receive this Court's September 3, 2010 denial of a certificate of appealability, and was unaware of the denial until he received the Government's response to his current motion. [ECF No. 390]. For the following reasons, the Defendant's motion will be denied.

As set forth above, this Court denied the Defendant a certificate of appealability on September 3, 2010, which was followed by the Third Circuit's denial on February 25, 2011. "Under the law of the case and specifically, the mandate rule, lower federal courts are bound to honor rulings in the case by superior courts." *Aziz v. Pennsylvania State University*, 1998 WL 964483 at *1 (E.D.Pa. 1998), *aff'd*, 189 F.3d 463 (3rd Cir. 1999) (Table case) (citing *Casey v. Planned Parenthood of Southeastern Pa.*, 14 F.3d 848, 856 (3rd Cir.), *stay denied*, 510 U.S. 1309

---

[1] Pursuant to Fed.R.Civ.App.P. 22(b), the Third Circuit construed the Defendant's notice of appeal filed on August 20, 2010 as a request for a certificate of appealability under 28 U.S.C. § 2253(c)(1). [ECF No. 377].

(1994)).[2] A similar situation was presented in *Greer v. Nelson*, 2010 WL 2507832 (M.D.Ga. 2010), wherein, as here, the appellate court denied the petitioner a certificate of appealabilty following the district court's denial, and the petitioner thereafter sought relief from the district court. *Id*. at *1. The court stated:

> The procedural posture of this case adds an additional wrinkle to the court's analysis of the presently pending motion. The Eleventh Circuit has already declined to issue Petitioner a Certificate of Appealability ("COA") to appeal the judgment Petitioner challenges in the instant Rule 60(b) motion. … "Under the law of the case doctrine, both the district courts and appellate courts are generally bound by a prior appellate decision in the same case." *Brewer v. United States*, 318 F. App'x 804, 805 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). "The doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal," with three limited exceptions. *Id*. A court may consider issues when: "(1) the evidence on a subsequent trial was substantially different; (2) controlling authority has since made a contrary decision of the law applicable to such issues; or (3) the decision was clearly erroneous and would work a manifest injustice." *Id*. (internal quotation marks omitted). Petitioner has not alleged that any of these exceptions apply, and the court likewise concludes that no exceptions to the law of the case doctrine are implicated in this case. The court is therefore prohibited from addressing any of the issues Petitioner now raises that the Eleventh Circuit decided, either expressly or impliedly, in its COA order.

*Greer*, 2010 WL 2507832 at *3. Other district courts have reached the same conclusion. *See e.g.*, *United States v. Ouimette,* 2010 WL 1839416 at *3 (D.R.I. 2010) (where district court and First Circuit denied certificate of appealability, First Circuit's ruling constituted law of the case); *Warfield v. Grams*, 2009 WL 2984045 at *1 (W.D.Wis. 2009) (holding district court had no authority to overturn Seventh Circuit's decision); *Cadogan v. Renico*, 2008 WL 3979496 at *2 (E.D.Mich. 2008) ("Given that the Sixth Circuit has already dismissed petitioner's prior appeals or has declined to issue a certificate of appealabilty from this Court's prior decisions, the law of the case doctrine prevents this Court from issuing a certificate of appealability in this case."); *United States v. Short*, 2002 WL 31016564 at *1 (E.D.La. 2002) (holding that court was "without jurisdiction to grant the type of relief sought by petitioner in [his] most recent filing" since the Fifth Circuit had denied petitioner's motion for certificate of appealability).

---

[2] A summary order can constitute law of the case. *Beshli v. Dep't of Homeland Sec.*, 272 F. Supp. 2d 514, 520 (E.D.Pa. 2003).

Here, as previously discussed, following this Court's denial of a certificate of appealabilty, the Third Circuit, pursuant to Fed.R.App.P. 22(b), construed the Defendant's notice of appeal as a request for a certificate of appealability under 28 U.S.C. § 2253(c)(1) and denied his request. [ECF No. 377]. Therefore, Defendant has already received the exact review to which he was entitled, to wit, "two bites at the appeal certificate apple." *Hunter v. United States*, 101 F.3d 1565, 1575 (11th Cir. 1996) (en banc) ("Under the plain language of the rule, an applicant for the writ gets two bites at the appeal certificate apple: one before the district judge, and if that one is unsuccessful, he gets a second one before a circuit judge."), *abrogated on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997); *see also e.g., United States v. Brown*, 2008 WL 1376307 at *3 (E.D.Pa 2008) (finding petitioner's argument regarding lack of notice and opportunity to be heard "meritless" where petitioner asked Third Circuit to grant him a certificate of appealability notwithstanding the district court's prior denial). Accordingly, this Court is precluded from reconsidering its denial in light of the Third Circuit's denial.[3]

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's "Motion for Out of Time to Support Appellant Certificate of Appealabilty" [ECF No. 382] is DENIED.

Signed this 6th day of April, 2012.

s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record.

---

[3] Even if it were appropriate to address Defendant's request for a certificate of appealability on the merits, we would conclude that the Defendant has failed to demonstrate any basis for its issuance.